

```
                    FILED
                 AUG 1 1 2005
           UNITED STATES BANKRUPTCY COURT
           EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re | ) | Case No. 04-32941-C-7 |
|---|---|---|
| HARRY LARSEN and | ) | DC No. PFF-02 |
| DIANA LARSEN, | ) | |
| Debtors. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO AVOID LIEN**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

<u>Findings of Fact</u>

On June 23, 2005, debtors filed a motion, notice, and certificate of service requesting that this court avoid a judgment lien. A hearing was scheduled for August 9, 2005 to consider the motion. Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

In reviewing debtor's certificate of service, the court observes that debtor served American Express Centurion Bank

c/o the attorney who recorded the abstract, as well as at a p.o. box address.

### Conclusions of Law

Federal Rule of Bankruptcy Procedure 9014(b) requires that a motion initiating a contested matter "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b).

Federal Rule of Bankruptcy Procedure 7004(b)(3) provides in pertinent part:

> Except as provided in subdivision(h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class postage prepaid as follows... Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy of the defendant.

Fed. R. Bank. P. 7004(b)(3).

Here, debtors' service of motion does not comply with the requirement to serve the motion to the attention of an officer or other agent authorized as provided in Rule 7004(b)(3). Beneficial California, Inc. v. Villar (In re Villar), 317 B.R. 88, 93 (9th Cir. BAP 2004). The court notes that a corporation's agent for service of process may be identified by visiting the California Secretary of State's website at www.ss.ca.gov. The website contains a link to the "California Business Portal" which provides an

online service titled "California Business Search." Therein, corporate information, including the agent for service of process, may be obtained by entering the corporation's name in the search engine.

Accordingly, the motion is denied.

An appropriate order will issue.

Dated: August 11, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Harry Larsen
502 S Church Street
Lodi, CA 95240

Michael E. O'Neal
1565 River Park Drive #A
Sacramento, CA 95815

Hank Spacone
P.O. Box 255808
Sacramento, CA 95865-5808

Paul Farley
1200 West Tokay Street
Lodi, CA 95240

American Express Centurion Bank
c/o Bleier & Cox
16130 Ventura Boulevard, Suite 620
Encino, CA 91436-2568

American Express
P.O. Box 7871
FT. Lauderdale, FL 33329

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 8/10/05

_____
Deputy Clerk