

Case 04-32941    Filed 10/28/05    Doc 28

FILED
OCT 2 8 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              )    Case No. 04-32941-C-7
                                  )
HARRY LARSEN and           )    DC No. PFF-3
DIANA LARSEN,               )
                                  )
       Debtors.               )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO AVOID LIEN**

    These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

    Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

<u>Findings of Fact</u>

    On September 1, 2005, the debtor filed a motion requesting that this court avoid a judgment lien in favor of American Express Centurion Bank because the lien impairs the debtors' homestead exemption. The lien attaches to the debtors' residence at 502 S. Church Street, Lodi, California ("the property"). The debtors properly served notice and American

Express Centurion Bank did not file an opposition. A hearing was scheduled for October 25, 2005 to consider the motion. Upon review of the record, the court decided to submit the matter on the record presented and removed the matter from calendar.

Debtors scheduled the property at a value of $225,000. Debtors scheduled two deeds of trust in the approximate amount of $177,100 in favor of Chase Manhattan Mortgage Corporation.

The debtors' motion claims that the lien in favor of American Express Centurion Bank in the approximate amount of $23,722.71 impairs debtors' homestead exemption. Debtors claimed the property as exempt in the amount of $47,900 pursuant to California Code of Civil Procedure § 704.730(a)(2).

## Conclusions of Law

A debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that the lien impairs an exemption that is properly claimed and to which there is no objection. 11 U.S.C. § 522(f)(1). The record reflects that the lien in favor of American Express Centurion Bank impairs an exemption to which the debtor is entitled.

The motion will therefore be granted. An appropriate order will issue.

Dated: October 27, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Harry and Diana Larsen
502 S Church Street
Lodi, CA 95240

Michael O'Neal
1565 River Park Drive #A
Sacramento, CA 95815

Hank Spacone
P.O. Box 255808
Sacramento, CA 95865-5808

American Express Centurion Bank
c/o Bleier & Cox
16130 Ventura Boulevard, Suite 620
Encino, CA 91436-2568

Amex Card Service Company
Agency for Service of Process
CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 10/31/05

_____
Deputy Clerk